

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 12, 2022

**By ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Dewan v. Mayorkas, Secretary of U.S. Dep't of Homeland Security, et al.*,
              No. 22-cv-4066 (BMC)

Dear Judge Cogan:

      This Office represents Defendants Alejandro Mayorkas, Secretary of Homeland Security; Department of Homeland Security ("DHS"); and United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants") in this case. In advance of the conference scheduled for September 13, 2022 at 12 noon, Defendants respectfully provide a status report in accordance with the July 12, 2022 and August 23, 2022 Scheduling Orders, and request a pre-motion conference in anticipation of a motion to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(1).

**I.**    **Relevant Background**

      Plaintiff Mamun Dewan, an asylee, brings this undue delay suit pursuant to § 706(1) of the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA"). He alleges that USCIS has unreasonably delayed in adjudicating three Form I-730, Refugee/Asylee Relative Petitions ("I-730") that he submitted on or about October 22, 2019—one for his wife, Lorin Mahsinara ("Mahsinara"), and one each for his two children, Sultan Riaza ("Sultan") and Maruf Dewan ("Marouf"). *See* Compl., ¶ 1, 6-8.

      On September 8, 2022, two weeks after Plaintiff served Defendants with the summons and complaint, *see* Dkts. 8-12, USCIS issued an approval notice as to Razia's I-730 and issued requests for evidence ("RFEs") to Plaintiff with respect to the remaining two I-730s. *See* Exhibit A (approval notice for Razia); Exhibit B (RFE regarding Mahsinara); Exhibit C (RFE regarding Marouf). Each RFE by its terms sets a deadline for a response of December 5, 2022, but, under a USCIS COVID-related policy, USCIS will accept a response that is received within 60 days thereafter, *i.e.*, by February 3, 2023 (https://www.uscis.gov/newsroom/alerts/uscis-extends-covid-19-related-flexibilities).

**II.**    **This Action Should Be Dismissed as Moot**

      Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting

the subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Makarova*, 201 F.3d at 113. Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to "Cases" and "Controversies," which precludes litigation over moot claims. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997).

This action is moot as to Razia's I-730 because USCIS has adjudicated it – in fact, USCIS approved it. A claim is moot when a plaintiff's claim seeks to compel a federal official to act, and the official has already performed that act. *See Lin v. Garland,* No. 21-cv-2212, 2021 WL 3139731, at *1 (E.D.N.Y. June 21, 2021) (Komitee, J. ("because USCIS approved the I-730 petitions after the commencement of the action, the plaintiff's claims are moot"); *Sadiku v. DHS,* No. 20-cv-3042, 2022 WL 173109, at *2 (E.D.N.Y. Jan. 18, 2022) (Kovner, J.) (holding that "a claim that seeks to compel a federal official to act becomes moot when the official performs the act" and "[f]or this reason, district courts routinely dismiss as moot mandamus claims that seek to compel officials to process immigration-related claims") (citing *Barrett v. United States*, 105 F.3d 793, 794-95 (2d Cir. 1996)); *Uddin v. DHS,* No. 20-cv-566, 2021 WL 2701695, at *2 (E.D.N.Y. Jun. 30, 2021) (Kuntz, J.) ("When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction.") (citation omitted).; *Chen v. Sessions*, 321 F. Supp. 3d 332, 337 (E.D.N.Y. 2018) (Donnelly, J.) (dismissing as moot a mandamus action where "the defendants adjudicated, albeit unfavorably, [plaintiff's] applications" following a visa application interview at the U.S. Consulate in China); *Bibicheff v. Holder*, 55 F. Supp. 3d 254, 260 (E.D.N.Y. 2014) (Hurley, J.) (dismissing as moot claim for an order directing an agency to respond to an administrative complaint became moot when the agency administratively responded); *Khanom v. Kerry*, 37 F. Supp. 3d 567, 574 (E.D.N.Y. 2014) (Brodie, J.) (dismissing as moot claims seeking an order to direct USCIS to adjudicate immigration petition because the agency had adjudicated the petition).

This action is also moot as the I-730s for Mahsinara and Marouf because USCIS has issued RFEs to Plaintiff with respect to these I-730s. Not only has USCIS patently demonstrated the absence of the agency-inaction predicate – it has not refused to act -- but also the next step in the adjudication is entirely in Plaintiff's own hands, not those of USCIS, as it is Plaintiff who must respond to the RFEs. *See Zhao v. USCIS, et al.*, No. 22-cv-1056, May 9, 2022 Order (docket entry) (Kovner, J.) (dismissing undue delay claims brought by *pro se* plaintiff as moot where interview notice had issued, reasoning that "Plaintiff…has received what she wanted—action—and…that is all she can expect at this point. If the time comes in the future where there is another delay that plaintiff believes is illegal, plaintiff will be free to commence another proceeding to challenge that delay."); *Meng v. USCIS,* -- F. Supp. 3d. __, 2022 WL 1101573, at *1 (E.D.N.Y. Apr. 11, 2022) (Komitee, J.) (dismissing undue-delay claims as moot on grounds request for evidence had issued such that the next step was in plaintiff *pro se*'s own hands); *Sajib v. Renaud*, No. 21-cv-7039, 2022 WL 1062319, at *1 (E.D.N.Y. Apr. 8, 2022) (Cogan, J.) ("Because defendant has issued an RFE, plaintiffs' claims are moot. Defendants have taken the next step in this process so there is no reason for this Court to compel them to do so");[1] *Yusupov v. Mayorkas,* No. 21-cv-4066, 2021 WL 6105720, at *1 (E.D.N.Y Dec. 23, 2021) (dismissing undue-delay claims as moot on the grounds

---

[1] This Court in *Sajib* subsequently withdrew that opinion, not for any reason undermining the reasoning in the opinion but because plaintiff had filed a notice of voluntary dismissal a few minutes before the Court had filed its opinion.

that an interview notice had issued, such that USCIS had not refused to act, and indeed it was up to plaintiff to respond before next steps could be taken by the agency) (collecting decisions) (Komitee, J.); ; *Jiang v. Wilkinson*, No. 19-cv-6259, 2021 WL 4025656, at *1 (E.D.N.Y. Sept. 2, 2021) (Komitee, J.) (dismissing undue-delay claims regarding I-730 as moot on the grounds that USCIS had issued an RFE and thereby had taken some action); *Jun Lin v. Johnson*, No. 19-cv-2878, 2019 WL 3409486, at *1 (E.D.N.Y. Jul. 29, 2019) (Cogan, J.) (same); *Xu v. Nielsen*, No. 18-cv-02048, 2018 WL 2451202, at *1 (E.D.N.Y. May 31, 2018) (Cogan, J.) (same); *Lu v. Sessions*, No. 18-cv-01713, 2018 WL 2376304, at *1 (E.D.N.Y. May 24, 2018) (Cogan, J.) (same); *Meixian Ye v. Kelly*, No. 17-cv-3010, 2017 WL 2804932, at *2 (E.D.N.Y. Jun. 28, 2017) (Cogan, J.) (dismissing action after USCIS had issued RFE, which undermined the inaction-predicate for an undue-delay claim under the APA, adding that "the purpose of the APA and the Mandamus Act is not to change the negotiating leverage of parties in administrative proceedings … and this Court is not going to keep the case open based on plaintiff's desire to have a judicial overseer in her administrative process").

Furthermore, if Plaintiff believes that that USCIS should expedite consideration of the I-730s for Mahsinara and Marouf, Plaintiff has administrative remedy to speed adjudication – an "expedite request" to USCIS. *See* https://www.uscis.gov/forms/filing-guidance/how-to-make-an-expedite-request. This procedure allows USCIS to accord priority to applications and petitions in situations where expedited adjudication is appropriate due to emergencies or humanitarian concerns. *Yang v. Houghton,* No. 21-CV-5485, 2021 WL 5879033, at *2 (E.D.N.Y. December 13, 2021). Notably, Plaintiff does not allege that he has availed himself of this administrative remedy, even though he is represented by counsel in the administrative proceedings (See Exhibits A-C) and in this action.

Defendants thank the Court for its time and consideration of this request.

        Respectfully submitted,

        BREON PEACE
        United States Attorney
        Eastern District of New York

By:    */s/ Ekta R. Dharia*
        EKTA R. DHARIA
        Assistant United States Attorney
        (718) 254-7520
        ekta.dharia@usdoj.gov

cc:    Michael Piston, Esq., *Counsel for Plaintiff* (by ECF, w/ encl. (Exhibits A-C))