Michael E. Piston
Attorney for the Plaintiffs
38-08 Union St., Suite 9A
Flushing, NY 11354
Phone: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAMUN DEWAN<br><br>Plaintiff,<br><br>vs<br><br>ALEJANDRO MAYORKAS, SECRETARY OF HOMELAND SECURITY<br><br>DEPARTMENT OF HOMELAND SECURITY<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>Defendants | Case No.: 1:22-cv-04066-BMC<br><br>PLAINTIFF'S RESPONSE TO MOTION TO DISMISS |

## **SUMMARY OF ARGUMENT**

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 1

Plaintiff's action is not moot because he has a legally cognizable interest in the outcome.

## BRIEF STATEMENT OF RELEVANT FACTS

Mamun Dewan is the husband of Sultana Riaza and Lorin Mahsinara and Maruf Dewan are their children. Mamun Dewan was granted asylum status by the Defendants on August 7, 2019. He filed Forms I-730 to classify Lorin Mahsinara, Sultana Riaza and Maruf Dewanas the relatives of an asylee on October 22, 2019, and these petitions were assigned File Numbers SRC2003350358, SRC2003350342 and SRC2003350350, respectively. ECF Doc. No. 1, PageID #: 3. Accordingly, the petitions pertaining to Lorin Mahsinara and Maruf Dewan have both been pending for over three (3) years.

On July 12, 2022, Mr. Dewan commenced this action asking this Court to order Defendants to promptly adjudicate these petitions. ECF Doc. 1. On September 8, 2022, the Defendants approved the petition filed upon behalf of Sultana Riaza and issued Requests for Evidence pertaining to the other two petitions. ECF Doc. Nos. 13-1- 13-3.

On September 21, 2022, the USCIS received Mr. Dewan's response to both Requests for Evidence. Exhibit A.

## ARGUMENT

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 2

I. The plaintiff's action is not moot because he still has a legally cognizable interest in the outcome

A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when "'the parties lack a legally cognizable interest in the outcome.'" *Fox v. Bd. of Trs. of the State Univ.*, 42 F.3d 135, 140 (2d Cir. 1994), quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631(1979).

Here the plaintiff does in fact have a legally cognizable interest in the outcome of this action. The relief sought in his Complaint, is that "the Court order the Defendants to adjudicate Mamun Dewan's Forms I-730 as soon as reasonably possible and, in any event, in no later than 30 days." ECF No. 1, PageID #: 7. The defendants have yet to adjudicate two of the three petitions complained of by Mr. Dewan. Nor can it be claimed that this is relief the Court cannot or should not grant inasmuch as the defendants have now received all of the documents they indicated in their Requests For Evidence were necessary to adjudicate both petitions. Accordingly, Mr. Dewan has a legally cognizable interest in the outcome of this action and it is not moot.

Many, if not most, or all, of the district court cases cited by the defendants for the opposite proposition are distinguishable because in those actions the defendants could not adjudicate plaintiff's benefit request because they were awaiting plaintiff's further response, *e.g., Sajib v. Renaud*, No. 21-cv-7039, 2022

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 3

WL 1062319 (E.D.N.Y. Apr. 8, 2022), *Jun Lin v. Johnson*, No. 19-cv-2878, 2019 WL 3409486, (E.D.N.Y. Jul. 29, 2019), *Xu v. Nielsen*, No. 18-cv-02048, 2018 WL 2451202 (E.D.N.Y. May 31, 2018), *Lu v. Sessions*, No. 18-cv-01713, 2018 WL 2376304, (E.D.N.Y. May 24, 2018); *Meixian Ye v. Kelly*, No. 17-cv-3010, 2017 WL 2804932 (E.D.N.Y. Jun. 28, 2017). Plainly that is not the case here.

In any event, to the extent that any of the cited cases by the defendants hold that an action may become moot despite the plaintiff having a legally cognizable interest in the outcome, they are contrary to Supreme Court and Second Circuit precedent. "Federal and state courts are absolutely bound by vertical precedents—those delivered by higher courts within the same jurisdiction". Bryan A. Garner et al., *The Law of Judicial Precedents* 27 (2016).  *See Hutto v. Davis*, 454 U.S. 370, 375 (1982) (per curiam) ("[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."). If they do not so hold, they are immaterial to the issue here.

## CONCLUSION

The defendants' motion to dismiss should be denied.

Respectfully submitted September 23, 2022.

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 4

/s/ *Michael E. Piston*

Michael E. Piston
Attorney for the Plaintiff
38-08 Union St., Suite 9A
Flushing, NY 11354
Phone: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 5